IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BLAKE TYLER FINLEY**                                                                                          **PLAINTIFF**

**V.**                                       **CASE NO. 5:23-CV-5030**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**                                         **DEFENDANT**

## OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Partial Motion to Dismiss – Bad Faith, Count II (Doc. 7), filed on February 24, 2023. On February 27, 2023, Plaintiff Blake Tyler Finley filed a Response in Opposition (Doc. 10). For the reasons stated below, Defendant's Partial Motion to Dismiss is **GRANTED**.

According to the Amended Complaint (Doc. 3), on July 6, 2021, Finley was involved in a motor vehicle accident with Jennifer Graham in Springdale, Arkansas. Finley contends he sustained bodily injury as a result of the accident and Graham's negligence. When the accident occurred, Graham was an under-insured motorist and was operating an under-insured vehicle. Graham was insured with Shelter Insurance Company and had minimum coverage of $25,000. At the time of the accident Finley maintained a policy of insurance with State Farm providing under-insured motorist protection in the amount of $50,000 per person, $100,000 aggregate per accident. Finley claims he incurred more than $26,000 in medical bills making Graham's $25,000 policy insufficient to cover his costs. Finley then made a claim against his own insurance policy, which was denied.

Finley now brings two claims against State Farm. The first is a breach of contract claim and the second is bad faith. The latter claim is the subject of State Farm's Partial Motion to Dismiss.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). This includes pleading sufficient factual matter to show that prerequisite conditions of suit have been satisfied. *Id.* at 686–87. The alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* A court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429 (2002)). Bad faith conduct must be "carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628 (2005); *see also Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 433 (2005).

The Amended Complaint alleges Defendant acted in bad faith by:

a) Refusing to timely answer demands made by their insured in violation of the Unfair Claims Settlement Practices Act;

b) Failing to conduct an adequate and thorough investigation into the demand for benefits made by Plaintiff;

c) Refusing to meet Plaintiff's demand for benefits under the contract without conducting an affirmative investigation;

d) Failing to implement reasonable standards regarding the prompt investigation of claims made by their insured;

e) Failing to effectuate a prompt, fair, equitable settlement when liability had become reasonable clear; [and]

f) Compelling their insured to litigate by offering substantially less than the true value of the case.

(Doc. 3, ¶ 20).[1]

None of the allegations above state a claim for bad faith. The standard is rigorous and difficult to satisfy. *Unum Life*, 362 Ark. at 627. "Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith. The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon*, 372 Ark. at 426 (internal citation omitted); *see also Am. Health Care Providers v. O'Brien*, 318 Ark. 438 (1994) (holding that nightmarish red tape, an insurance representative's abrupt

---

[1] Finley also lists a multitude of conclusory statements in an attempt to support his claim, *see, e.g.,* Doc. 3. at ¶¶ 21–23, but such statements are not evidence of bad faith.

attitude following cancellation of a group policy, and confusion over the referral process did not amount to bad faith).

Finley leans on his allegation that State Farm "stonewall[ed]" him into litigation and urges the Court to infer that State Farm acted with malicious intent. (Doc. 10, p. 3). However, Finley admits State Farm did make him an offer of settlement—for $5,000 over the claimed medical expenses—but that he found the offer insufficient and rejected it. See Doc. 3, ¶ 16. Bad faith is not established when a plaintiff simply dislikes an initial settlement offer.

For these reasons, State Farm's Partial Motion to Dismiss – Bad Faith, Count II (Doc 7), is **GRANTED**. Count Two is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 24th day of April, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE